**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| KENNETH R. WELCH,<br><br>Plaintiff,<br><br>v.<br><br>NIZAR JABARA, JAYSON KAY, STACY ETTEL,<br><br>Defendants. | 3:25-cv-00305-ACP<br><br>**ORDER ACCEPTING AMENDED COMPLAINT**<br>[Dkt. 13] |

Kenneth Welch initially filed this employment lawsuit against three people associated with his former employer. (Dkt. 1) The summons were returned as executed against all of the initial Defendants. (Dkt 9) But the summons were not served directly on any of the initial Defendants. Rather, they were served on a third-party named Mark Esson Macher, who is allegedly "designated by law to accept service of process on behalf of" the named defendants. (*E.g.*, Dkt. 9 at 2)

After none of the initial Defendants appeared or responded to the complaint, Welch moved for entry of default. (Dkt. 11) Before deciding whether to grant the motion, the Court ordered Welch to explain why service was completed properly.[1] (Dkt. 12) Welch's response includes two relevant parts. First, and without any admissible evidence, he asserts that all the initial Defendants worked at Fiore Industries, Inc. and that service on Macher

---

[1] The Court also requested a provisional explanation for why the District of Alaksa might have personal jurisdiction over the initial Defendants. Welch's explanation and amended complaint are satisfactory on this point, but this Order should not be construed to make any findings about jurisdiction.

was proper because he "was an administrator associated with Fiore Industries." (Dkt. 13 at 2) Second, Welch asked to amend his complaint to add Fiore Industries as a defendant and clarify the factual and legal basis for his lawsuit. (Dkt. 13 at 5-8) Those issues are dealt with as follows.

Leave to amend the complaint is **GRANTED**. Under Federal Civil Rule 15(a)(2), a party may request leave to amend their complaint. Such leave is "freely give[n] . . . when justice so requires," especially when the amendment will not prejudice the parties. Fed. R. Civ. P. 15(a)(2). That is the case here. Welch is acting pro se and has moved to amend his complaint in direct response to an order pointing out possible problems with the complaint. The existing parties will not be prejudiced because they have not appeared or invested time and energy responding to the initial complaint. Welch shall file a clean copy of the amended complaint as a separate docket entry as soon as practicable. The initial complaint no longer governs this case. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011). Proof of service against the any new defendants shall be filed **on or before December 11, 2026**.

More information is required before the Court can decide whether service on Macher was proper. The Court has an "affirmative duty to look into its jurisdiction over . . . the parties" before ordering entry of default. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). An essential part of that inquiry is ensuring that service was completed properly. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served . . . or there is no personal jurisdiction."). Welch argues that service was proper because the initial Defendants allegedly worked for Fiore Industries and so did Mark Esson Macher. (Dkt. 13 at 2-3) But that alone does not guarantee that Macher had authority to

accept service for the initial Defendants. Rather, under Federal Civil Rule 4(e)(2)(C), a third party may accept service for someone else only if that person is "an agent authorized by appointment or by law to receive service of process," which requires actual authority to accept service. In other words, Macher may not accept service for the initial Defendants unless each has, either expressly or impliedly, held him out as their agent for this purpose. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs. Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). The bare service affidavits are not enough to establish this fact. Welch shall submit admissible evidence showing that the Macher had authority to accept service for the initial Defendants **on or before December 11, 2026**. *See* Fed. R. Civ. P. 55(b)(2)(C) (allowing Court to "establish the truth of any allegation by evidence"). If the Defendants appear in this case, this requirement will automatically dissolve and the requested evidence will not be required at this time. Nothing in this Order limits the Defendants from raising challenges to service or jurisdiction if they wish.

- The request for leave to file an amended complaint is **GRANTED**. Welch shall file a clean copy of the amended complaint as soon as practicable.
- Proof of service for any new defendants shall be filed **on or before December 11, 2026**. This requires filing a completed "unissued summons" form.
- Admissible evidence showing that Macher was authorized to accept service for the initial Defendants is due **on or before December 11, 2026**.

IT IS SO ORDERED.

DATED September 10, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge